UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  :  Case No. 1:08-CR-06
    Plaintiff,  :
vs.  :
Demetrius Williams,  :
    Defendant.  :

**ORDER**

Defendant has filed a motion to reconsider this Court's September 4, 2008 Order denying Defendant's motion to suppress. Defendant's current motion was filed after the Court vacated the prior trial schedule, and appointed new counsel to represent Defendant. The reconsideration motion asks the Court to reconsider its ruling, or grant a second suppression hearing, based on the officers' lack of credibility, the lack of testimony from the officer who first apprehended Defendant, and due to "other inconsistencies" in the testimony presented at the hearing. (Doc. 40) The Government opposes the motion, contending that Defendant has not established any cognizable reason for reconsideration.

In reviewing a reconsideration motion in a criminal case, the Court may consider the factors set forth in Fed. R. Civ. P. 59(e). These factors are: (1) the Court committed a clear error of law; (2) Defendant presents newly-discovered evidence or

demonstrates an intervening change in law; or (3) a "manifest injustice" resulting from the prior ruling must be corrected. See, e.g., United States v. Holtzhauer, Case No. 2:05-CR-170 (S.D. Ohio, June 8, 2006). Defendant's motion fails to satisfy any of these factors.

Other than disagreeing with the Court's ultimate conclusion, Defendant does not cite any legal error. He offers no new evidence nor any intervening law. Defendant's unsupported challenge to the credibility of the officers' testimony is an insufficient basis upon which to grant Defendant's motion. The fact that the officer who initially managed to apprehend Defendant - while he was running away from the other officers giving chase - did not testify at the hearing is of little import. The arresting officer, who testified that he arrived on the scene moments after Defendant was apprehended, did testify. The only "discrepancy" Defendant cites is whether Officer Longworth broadcast Defendant's description by cellphone or by radio. Given the overall testimony, this discrepancy (if it is one) is immaterial to the Court's conclusion, and does not amount to a "manifest injustice."

Therefore, Defendant's motion for reconsideration (Doc. 40) is denied.

DATED: December 16, 2008        s/Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                United States District Court